The opinion of the Court was delivered by
Duncan J.
rNatice was born after her mother-became'a free woman, on account of the defect in the registry, as was decided in the action brought by her mother against Susan-nah Stokely ; and1 the question is, whether Susannah Stokely is estopped by this judgment, from now averring contrary to the title thus found that Milley was her slave. I do not propose the question whether it is evidence to go to the jury, oh the issue on trial, but on the ground of its conclusiveness. A recovery in any suit upon issue joined, on matter of title, is conclusive on the subject matter of title. An allegation on record, upon which issue has been once taken *301 and found, is between the parties taking it,' and their privies, conclusive according to the' finding thereof, so as to estop the parties respectively,' from again litigating that fact, once so tried and found. Now nothing can be clearer than this, that the children are privies in blood to their mother ; and so far as regards the state of the mother, whether a slave or free at the time of their birth, are privies in estate. It is unnecessary to decide, whether children would be bound by judgment against their mother on. a question of her freedom j yet even to support that doctrine, there is very high authority. In the Court of Appeals in Virginia, it'was decided, that in an action for freedom, a verdict finding the mother to be free or a slave, is conclusive evidence between a child of the plaintiff, and one claiming under the defendant .in that suit. Shelton v. Barbour, 2 Wash. 64, and Pegram v. Isabell, 2 Hen. & Munf. 193, where in the case-of a child, the record against the mother was produced, and the Court decided, it was upon the, child to shew, that he or the mother was manumitted since the verdict.
But in a case of a child claiming to be free, because the mother in a suit wherein the same person was a party claiming the services of both, was ádjudgedybee, on an allegation appearing on the record precisely found, that the mother was free when the child was born, I cah entertain.no doubt '; butj on principles of reason and authority, the judgment is conclusive as to the freedom of the child. The first step the defendant must take, would be to prove that the mother was a slave ; partus sequitur ventrem. ■ The child is born free according to the condition of the mother, and if in an action wherein the person-claiming the service of the child, is one party, and the mother is the other party, she has. been declared free by the judgment of a Court of competent jurisdiction, that matter cannot be again -called in question. The child with the record in his hand, cannot be held in slavery or servitude. There is an énd. of the question as to the mother.' The condition of the mother is changed, and it would shake our'understandings,'if the law were so, that-a child whose mother by la.w had been free before her birth, should notwithstanding be born a servant or slave. In all personal actions concerning goods, chattels, and debts, a recovery in one action, is a bar in another, and there is an *302 end of the controversy. Coke’s preface to his eighth report, Thé judgment which is thefru.it of the action, concludes the existence of the right. If this child had been born after the judgment in. favour of the mother, it could not be pretended, that the plaintiff below, could retain her as a servant; yet tlm judgment has relation to the condition of the mother when the child was • born, which has been conclusively settled to be that of.a free woman.
The judgment is final for its own proper-use and object, and is conclusivé on its subject by way of bar to future liti- . gation, for the thing thereby decided. The judgment.'was on the very fight to hold the mother in slavery. That judgment was that she ceased to be a slave long before the birth of this child. That was the immediate right in demand; the whole right of . the plaintiff in this action hung on that inquiry. She claimed by and through the mother. Freedom or slavery of the mother was the substantial matter in issue in .both suits.. A case in the Tear Book, 13 Edi 4. 2. 3. 4. comes up to this. It was trespass for taking á villein. The ancestor of the villein had answered in a former suit in which it had been alleged, that he was a villein regardant, that he was free, and not a villein in manner and form as alleged, and it was so found. The son of the supposed, villein relied on this finding as an estoppel, and it was held so. In Ingleton v. Burges, Comb. 166, Lord Holt cites' this case, and says, it ,was perhaps grounded oh the reason of the favour of liberty, but it would appear, that it was expressly decided upon the identity of the matter in' issue.
The Court erred in not • admitting this evidence; it was not only relevant, but conclusive. Strictly speaking, as the former judgment was not pleaded, it might not be considered a legal estoppel, yet'it was conclusive in evidence on the rights of these parties. It was not possible, for the plaintiff in this action to affect its conclusiveness by shewing that Milley had become free subsequent to the birth of the. child, because the matter put in. issue, and the title set up by her, was her registry as a slave in 1780. That issue being found against Mrs. Stokely, it passed in rem judicatqm, that she became free in 1780; then there could be no foundation for the claim to Nance, Milley’s child, born of a free mother as a servant until twenty-eight.
*303 This has rendered it unnecessary for the Court to give any opinion, on the testimony demurred to ; the Court could render no judgment on that.
, Judgment reversed.